# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-22-475-D |
| TAEVYON LATTREL WARREN, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Taevyon Lattrel Warren's *pro se* "motion to dismiss," [Doc. No. 49] in which Defendant claims that his conviction violates the Second and Fourteenth Amendments. Although he cites 28 U.S.C. § 2255 in the title of his filing, Defendant also cites 28 U.S.C. § 1343 in requesting that his conviction be overturned or modified. *Id.* These citations, along with his reference to a "motion to dismiss," make it unclear whether Defendant truly intends to file a § 2255 motion.

On January 6, 2023, Defendant pled guilty to a one-count superseding information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced on December 20, 2023 to an 86-month term of imprisonment. The judgment was entered on December 20, 2023. No appeal was taken, and no other post-judgment filing has been made by Defendant.

Although the Court has discretion as to whether to construe Defendant's motion as one filed pursuant to § 2255, the Supreme Court has held that that a district court "cannot . . . recharacterize a pro se litigant's motion as the litigant's first § 2255 motion *unless* the

court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003); *see also United States v. Pinkerton*, 738 Fed. App'x 972, 973 (10th Cir. 2018) (quoting *Castro* and noting that the limit on the district court's recharacterization power applies only "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion") (emphasis in original).

The instant motion would be Defendant's first § 2255 motion. Accordingly, in keeping with the procedure established by the Supreme Court and Tenth Circuit, the Court advises Defendant that the relief sought by his motion is available, if at all, only by a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Defendant may elect either to withdraw his pending motion or to have it characterized and considered by the Court as a § 2255 motion. In considering these two options, Defendant should consider that, if he proceeds with his motion under § 2255, a subsequent motion would be considered a second or successive § 2255 motion and could be barred under § 2255(h) and 28 U.S.C. § 2244.

**IT IS THEREFORE ORDERED** that Defendant must advise the Court in writing whether he wishes to withdraw his motion or proceed under 28 U.S.C. § 2255. If no written notice of his election is received by **March 15, 2024**, the Court will consider Defendant's motion [Doc. No. 49] as a § 2255 motion and direct the government to respond accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to provide Defendant with the necessary § 2255 form(s). If Defendant elects to proceed under § 2255, he shall complete the form(s) and mail them to the Clerk of Court by **March 15, 2024** for the Court's consideration. If Defendant elects to withdraw his motion, he need not complete the form(s) at this time.

**IT IS SO ORDERED** this 23rd day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge